<hr />

Argued 25 October, decided 28 November, 1904.

### DECHENBACH *v*. RIMA.

[ 77 Pac. 391, 78 Pac. 666.]

FORCIBLE DETAINER — APPEAL TO SUPREME COURT.

1. Under Section 548 of B. & C. Comp., which provides that any party to a final order may appeal therefrom to the supreme court, either party to a judgment in a forcible entry and detainer action in the circuit court may appeal therefrom.

DISMISSING APPEAL.

2. The question of plaintiff's right to appeal to the circuit court from a justice's judgment is one for the circuit court to pass upon in the first instance, and

its decision may be reviewed on appeal in a proper case, but the validity of that appeal cannot be raised on a motion to dismiss the appeal from the judgment of the circuit court.

Parol Lease — Statute of Frauds.

3. A parol agreement to lease real estate for more than a year is void under the statute of Oregon: B. & C. Comp. § 797, subds. 1 and 6.

Estoppel to Deny Oral Lease.

4. A parol promise to lease certain real estate for a term of years, on which a party has relied in purchasing a stock of goods on the premises, is a mere promise as to future action with respect to a right to be acquired under an agreement not yet made, and does not estop the landlord from denying the validity of such contract under the statute of frauds.

Specific Performance of Oral Promise to Lease.

5. A tenant having entered into possession of certain premises under an unexpired lease to his vendor, and paid an extra price for the fixtures and made valuable improvements in reliance on the landlord's oral promise to give a written lease for a period exceeding one year, is not entitled to enforce the agreement in equity, since he did not enter under the agreement, or partly perform it, the landlord having refused to recognize his agreement before the expiration of the term of the vendor: *Wallace* v. *Scoggins*, 18 Or. 502, distinguished.

From Multnomah: Melvin C. George, Judge.

Action by J. Dechenbach against D. C. Rima for possession of a building occupied as a saloon in East Portland, and resulted from a refusal of the defendant to sell only the Gambrinus beer on the premises. This appeal is from a judgment of the circuit court in favor of defendant.

Motion to Dismiss Overruled: Reversed.

Decided 5 July, 1904.

On Motion to Dismiss Appeal.

*Mr. Edw. Mendenhall,* for the motion.

*Mr. Joseph N. Teal, contra.*

Per Curiam. This case originated in the justice's court, being an action for forcible entry and detainer. The plaintiff recovered judgment in that court, and the defendant appealed to the circuit court, wherein he was successful. The plaintiff has now appealed to this court, which appeal the defendant moves to dismiss on the ground that the plaintiff is without right of appeal.

1. There appears to be no limitation to the right of appeal from the circuit to the supreme court (B. & C. Comp. § 548), and there is certainly no exception against an appeal from a judgment rendered in a forcible entry and detainer action.

2. If it be admitted, as defendant's counsel argues, that plaintiff has no appeal in such an action from the justice's to the circuit court, a matter which we do not now decide, it cannot help the defendant here, as he himself took the case to the circuit court on his own appeal, and the question whether the plaintiff has an appeal from the justice's court has not arisen and could not have arisen from the very nature of the record, and is therefore not here for our determination. If the question had arisen, it would have been a matter for the circuit court to pass upon first, and we should have had it for review, so that in any event it would not have presented a question for dismissal of the appeal to this court: *Mendenhall's Will*, 43 Or. 542 (72 Pac. 318). The motion will be denied.

                                        MOTION OVERRULED.

---

ON THE MERITS.

For appellant there was a brief over the name of *Teal & Minor*, with an oral argument by *Mr. Wirt Minor.*

For respondent there was a brief over the name of *Edw. & A. R. Mendenhall*, with an oral argument by *Mr. Edward Mendenhall.*

MR. JUSTICE BEAN delivered the opinion.

This was an action of forcible entry and detainer. The plaintiff had judgment in the justice's court, but upon an appeal defendant prevailed in a trial in the circuit court. The plaintiff is the owner of certain premises in Portland, known as No. 400, East Morrison Street. In June, 1903,

one Lake was in possession thereof under an oral agreement as tenant from month to month, paying his rent in advance. Lake had paid his rent to July 1, 1903, and on the 11th day of June he sold his business to the defendant, Rima, who immediately took possession. On June 25th, and before the expiration of the month for which Lake had paid the rent, the plaintiff served notice to quit upon Rima and Lake, but Rima refused to vacate, and thereupon this proceeding was commenced. The complaint is in the usual form in actions of this kind. The answer admits the plaintiff's ownership of the property in question, but denies his right to the possession, or that defendant's holding is unlawful. For a further and separate defense it is averred that in June, 1903, Lake desired to sell his furniture, fixtures, stock of goods, and good will to the defendant for $2,500 — being $1,500 more than the property was reasonably worth, unless the buyer could secure a lease from the plaintiff from July 1, 1903, to July 1, 1906, at a monthly rental of $115; that the defendant was unwilling to make the purchase and pay more than $1,000 for the business unless he could obtain such lease; that plaintiff, knowing such facts, in order to induce him to buy the property and business for $2,500, to expend $50 in improvements, and to occupy the premises from July 1, 1903, until January 1, 1906, at a monthly rental of $115, "then and there wilfully represented to and promised defendant that if he would purchase said property and business so offered for sale from said Lake for $2,500, and make said expenditure of $50, and enter into possession of said premises thereunder, to occupy the same from July 1, 1903, until January 1, 1906, the plaintiff would, upon such purchase and expenditure being made, make him a lease for said term at said rental; that relying upon said representations and promise of plaintiff, and not otherwise, this defendant was induced to and did purchase said

property and business from said Lake, and paid him therefor $2,500, and entered into and upon and occupied said premises and expended said $50 on improvements and agreed to accept said lease"; that plaintiff has refused, and now refuses, to make the lease, although defendant has duly performed all the requirements on his part, and is ready, able, and willing to comply with the terms of the contract by the payment of the monthly rental during the term from July 1, 1903, to January 1, 1906; that by reason of these facts plaintiff is estopped to allege that defendant unlawfully occupies the premises, or any part thereof, by force.

3. There are many assignments of error, but all involve substantially the contention that the facts stated in the answer do not constitute an estoppel. That the alleged promise or agreement of the plaintiff to lease defendant the premises in controversy from July 1, 1903, to January 1, 1906, is void under the statute of frauds is not questioned: B. & C. Comp. § 797; *Pulse* v. *Hamer*, 8 Or. 251; *White* v. *Holland*, 17 Or. 34 (3 Pac. 573); *Rosenblat* v. *Perkins*, 18 Or. 159 (22 Pac. 598, 6 L. R. A. 257).

4. It is insisted, however, that under the facts alleged in the answer plaintiff is estopped by his conduct to deny the validity of such contract, or that defendant's possession of the premises is wrongful or unlawful. To this position there is a complete and obvious answer. Estoppel *in pais* arises from misrepresentation or concealment of a material fact, and rests on the ground that it would be a fraud in a party to assert what his previous conduct has denied when others have acted on the faith of that denial. Such an estoppel can rarely arise unless it has reference to a present or past state of things, or relates to an intended abandonment of an existing right; and it has no application to a mere breach of a promise or covenant relating to the future: 2 Bigelow, Estoppel (5 ed.), p. 574; 2 Herman,

Estoppel, § 730; 11 Am. & Eng. Enc. Law (2 ed.), 424, 425.
" If the representation," says Mr. Justice FIELD, "relate to
something to be afterwards brought into existence, it will
amount only to a declaration of intention or of opinion, lia-
ble to modification or abandonment upon a change of cir-
cumstances of which neither party can have any certain
knowledge. The only case in which a representation as
to the future can be held to operate as an estoppel is where
it relates to an intended abandonment of an existing right,
and is made to influence others, and by which they have
been induced to act. An estoppel cannot arise from a
promise as to future action with respect to a right to be
acquired upon an agreement not yet made." And again :
" But the doctrine has no place for application when the
statement relates to rights depending upon contracts yet
to be made, to which the person complaining is to be a
party. He has it in his power in such cases to guard in
advance against any consequences of a subsequent change
of intention and conduct by the person with whom he is
dealing": *Insurance Co.* v. *Mowry*, 96 U. S. 544. Now, in
the case in hand, there was no false representation or con-
cealment of any fact by plaintiff that induced the defend-
ant to purchase Lake's business. The only contention is
that in making such purchase he relied on the verbal prom-
ise of the plaintiff that, if he would buy the business, the
plaintiff would thereafter execute to him a lease of the
premises for more than one year. This contract was void
by the statute of frauds, and is therefore void for all pur-
poses. It conferred no right upon the defendant and cre-
ated no obligation on the part of the plaintiff. Nor is the
intent of the plaintiff in making the contract or agreement
at all material. He may have intended never to perform,
or may have expected that Rima would be subjected to
inconvenience and loss by relying upon it; yet his lia-
bility is unchanged. The contract was one void under the

statute, and, as said by Mr. Justice Andrews in *Dung* v. *Parker*, 52 N. Y. 494 : " That a party was ignorant of the law, or that he confided in the promise of another, and acted upon it to his disadvantage, has never been held to be an answer to the statute."

5. A parol contract for the leasing of real property, void under the statute of fraud, may be enforced by a court of equity when it has been so far partly performed by the lessee that it would be a fraud upon him unless the agreement should be fully performed: *Wallace* v. *Scoggins*, 18 Or. 502 (21 Pac. 558, 17 Am. St. Rep. 749); *McMahan* v. *Whelan*, 44 Or. 402 (75 Pac. 715). But, to have such an effect, there must be an entry into possession by the tenant under and by virtue of the contract, and other acts of part performance must have referred to and been in execution of such contract: *Barrett* v. *Schleich*, 37 Or. 613 (62 Pac. 792); Waterman, Spec. Perf. § 261 ; *Wheeler* v. *Reynolds*, 66 N. Y. 227. Now, there is no allegation that Rima entered into possession of the premises under the alleged contract with the plaintiff, or that he paid any rent thereunder, or did any act whatever in part performance of such contract. His entry was under and by virtue of the lease to Lake, and the improvements made by him were made during Lake's tenancy. Before the expiration of Lake's lease the plaintiff repudiated and refused to be bound by his oral contract with defendant for the subsequent leasing of the property, and had served a notice to quit. We are of the opinion, therefore, that the answer does not state facts sufficient to constitute a defense, and that the motion of the plaintiff for judgment should have been sustained.

Reversed.