Argued May 29, affirmed June 11, rehearing denied July 9, 1918.

## THOMAS *v.* PEEBLER.

(172 Pac. 648.)

**Statute of Frauds—Pleading—Demurrer—Leases—Validity.**

1. A complaint alleging an oral contract on June 16th to remodel a building, and on completion of changes to lease to defendant for one year, and that on August 15th a lease for one year in accordance with the agreement was made operative by giving and taking possession, was not demurrable as pleading an invalid contract under Section 808, subdivision 6, L. O. L., making void a lease for a period longer than one year.

**Appeal and Error—Presumptions—Finding of Court.**

2. The findings of fact by the trial court sitting without a jury being equivalent to a verdict, the court on appeal must, in the absence of a bill of exceptions, presume that there was evidence to support them.

Pleading—Redundancy.

3. Where complaint alleged oral contract on June 16th to remodel building, and on completion of changes to lease to defendant for one year, and that on August 15th a lease for one year in accordance with the agreement was made operative by giving and taking possession, the allegations as to the contract of June 16th were unnecessary and redundant.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 1.

The parties agree that the plaintiff is the owner of the storeroom and premises in question. The complaint narrates an oral agreement made on June 16, 1914, to the effect that the plaintiff was to make certain changes in the premises, fitting them for the defendant's use, and that in pursuance thereof the alterations were made. Then comes this averment:

"That on said 15th day of August, 1914, plaintiff leased, let and demised to the defendant, and defendant leased, occupied and entered into the possession of said premises for a period of one year all in accordance with said agreement of June 16th, 1914, and defendant agreed to pay to the plaintiff during said period of one year the said sum of $540, in installments of not less than $45 each."

This is followed by the statement to the effect that the defendant paid $405 on account of the rent reserved and without the consent of the plaintiff abandoned the premises on May 15, 1915; that from that time to June 30, 1915, no one paid the rent; that at the latter date the plaintiff succeeded in getting a new tenant who took possession and remained there and paid the rent during the rest of the term. There is another statement that prior to the defendant's taking possession plaintiff importuned him to execute a written lease for the one-year term, but the latter put him off, claiming "that his word was as good as his

bond." A general demurrer to the complaint was overruled.

Except as stated at the outset, the answer traversed all the averments of the complaint. One affirmative defense is that the defendant occupied under a month-to-month lease and paid for the full time of his occupancy. A second is that after the defendant removed from the premises the plaintiff accepted from him in full settlement of the claim arising out of the occupancy of the property a certain stove of the value of $16; and, lastly, that the alleged oral agreement of June 16, 1914, was one which was not to be performed within a year from that date and consequently is void under the statute of frauds.

Otherwise than as stated in the complaint the reply joins issue upon the answer. After a trial without a jury, the court made findings of fact and conclusions of law substantially in consonance with the allegations of the complaint and against the contentions of the answer. Judgment was rendered upon them in favor of the plaintiff and the defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Oliver M. Hickey* and *Mr. Frank E. Swope,* with an oral argument by *Mr. Hickey.*

For respondent there was a brief and an oral argument by *Mr. W. B. Shively.*

BURNETT, J.—1. There is nothing before us as data for a decision except the pleadings, findings of fact and conclusions of law and the resultant judgment, to which alone we are confined in our investigations as there is no bill of exceptions. The argument has taken

the form of a debate upon the sufficiency of the complaint. The defendant contends that it is disclosed that the agreement was made on June 16th and was not to be performed within a year, and that its being oral makes it void under the statute of frauds: Section 808, subd. 1, L. O. L. This contention, however, is fallacious, for the complaint directly alleges that a lease was made by the parties on August 15th for one year; that under it the defendant took possession of the property and agreed to pay for the term $540 in installments of not less than $45 each. The contract embodied in this statement of the complaint is valid, for the statute of frauds declares void only ''an agreement for the leasing for a longer period than one year, or for the sale of real property or of any interest therein'': Section 808, subd. 6, L. O. L.

2, 3. The findings of fact in a trial by the court are equivalent to a verdict and in the absence of any bill of exceptions we must presume that there was evidence before the court competent to prove the quoted allegation, and the verdict therefore cannot be disturbed. The averments of the complaint as to the preliminary bargaining were unnecessary and might have been left out. If they had been attacked as redundant instead of irrelevant and immaterial it would have been proper to strike them from the pleading.

In *White* v. *Holland,* 17 Or. 3 (3 Pac. 573), cited by the defendant, it appeared by the record that the lease relied upon was actually made on January 20th for one year, to commence March 1st, thereafter. The whole agreement was made at the earlier date. No subsequent stipulation was counted upon and hence as this was oral and not to be performed within one year the court was right in declaring it void. In *Dechenbach* v. *Rima,* 45 Or. 500 (77 Pac. 391, 78 Pac. 666),

the latter had bought out a previous tenant of the plaintiff with the expectation of securing a new lease from the landlord for a term of three years, but without taking any writing from anyone to that effect. After he had come into possession as subtenant, without any lease from the owner of the property, Rima sought to defend an action of forcible entry and detainer on an alleged oral promise of Dechenbach to make such a lease. The substance of the ruling was that he had no competent evidence to sustain such a pleading as there was no writing embodying the contract alleged. *Bowman* v. *Wade,* 54 Or. 347 (103 Pac. 72), was a case in which the plaintiff sought to recover money loaned on an oral agreement to the effect that it should be paid in three years with interest at 10 per cent. The court held that the recovery could not be had upon such a contract, because it was not in writing and could not be performed in one year. A recovery of the money with interest at 6 per cent was permitted, however, upon the implied contract deduced from the facts stated in the pleading, as for money had and received. These cases cited by the defendant are not by the mark in the present juncture.

The essence of the complaint is found in the allegation of a verbal lease of August 1, 1914, made for one year. Despite the surplusage, there is enough in the pleading to authorize a recovery. There is no basis upon which to challenge the findings of fact. The conclusion of law to be drawn from those findings is correct and judgment must be affirmed.

AFFIRMED. REHEARING DENIED.

BEAN, BENSON and HARRIS, JJ., concur.