Argued and submitted June 6, affirmed October 16, 2002

David R. DAY,
*Appellant,*

*v.*

ADVANCED M&D SALES, INC.,
an Oregon corporation,
*Respondent.*

0005-04933; A112790

56 P3d 454

Robert A. Miller argued the cause for appellant. With him on the briefs was Law Office of Robert A. Miller.

Lisa E. Lear argued the cause for respondent. With her on the brief were David R. Rocker, Ronald J. Clark, and Bullivant Houser Bailey, PC.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Warren, Senior Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff appeals from a summary judgment in favor of defendant, ORCP 47, on his claims for negligence and violations of the Employer Liability Law. ORS 654.305 - 654.335. Defendant moved for summary judgment on the ground that plaintiff's claims are barred by the "exclusive remedy" provision of the Workers' Compensation Law, ORS 656.018. The trial court held that plaintiff is judicially and equitably estopped from denying that he is a covered worker under defendant's workers' compensation insurance and that, because plaintiff is a covered worker, ORS 656.018 bars his civil action.[1] We affirm.

The following facts are undisputed. Before his injury, plaintiff was an independent floor installation contractor who carried his own workers' compensation insurance coverage. He also worked for defendant as a salesman and was paid on commission. During the times he worked for defendant in his salesperson capacity, he was covered by defendant's workers' compensation policy. In October 1998, defendant held a seminar at which a laminate floor was installed in defendant's showroom. Plaintiff attended the seminar in his capacity as a salesperson. After the seminar ended, defendant asked plaintiff and other independent floor installation contractors to finish the floor. Plaintiff's hand was seriously injured in the process of finishing the floor installation.

After discussions with defendant about the possibility of plaintiff's injury being covered by defendant's workers' compensation policy, plaintiff and defendant agreed that plaintiff would file a claim with defendant's insurance carrier. A workers' compensation claim form for coverage, referred to as Form 801, was then completed. Plaintiff filled out and signed the top section of the form, and defendant completed the employer section and submitted it to its

---

[1] ORS 656.018(1)(a) provides, in pertinent part,

"The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries * * * and in the course of employment that are sustained by subject workers[.]"

insurer. On plaintiff's portion of the form, the following appears:

| 1. Worker's legal name (first, m.i., last): David R. Day | 2. Home [phone]: [omitted] | 3. Date of Birth: 7-19-52 | 4. Social Security Number (see back of form). [omitted] |
|---|---|---|---|
| 5. Worker's street address: [omitted] | 6. Male Female ☐ ☐ | 7. Education []: . | 8. Hospitalized overnight as inpatient? If emergency room only, mark "NO," ☒ Yes ☐ No |
| | 9. Nature of injury/disease []: R. Hand R for[e]finger severed | | 10. Name and City of Hospital: Ema[n]uel Hosp. |
| | 11. Body Part(s) affected: ☐ Left Right Hand ☒ Right | | 12. Name of address of health insurance provider: Blue Cross |
| 13. Date of injury/disease: 10-16-98 | 14. Time of injury: 3:00 p.m. | 15. Has body part been injured before? (If yes, explain) ☐ Yes ☒ No | 16. Full name, address and phone no. of attending physician: Dr. Fortes, See Attach (503) 935-5724 |
| 17. Describe accident fully (please print): Hand came into contact with table saw blade | | | |
| 18. By my signature I am giving NOTICE OF CLAIM and authorizing medical providers and other custodians of claim records to release relevant medical records. I certify that the above information is true to the best of my knowledge and belief (see paragraphs 3 and 4 on the back). By my signature I also authorize the use of my SSN as described in paragraph 2 on the back. * * * __X__ _[signed by plaintiff]__ " | | | |

Also, plaintiff filled out the following supplemental form, which was then attached to the 801 form:

> "EMPLOYMENT AT TIME OF YOUR INJURY
>
> "Employer: __Advanced M & D Sales__    Job Title: __Salesman__
>
> "* * * * *
>
> "Who is your direct supervisor? __Joe White__
> "Specific duties you perform in your job: __selling__ "

Defendant's insurer investigated and determined that plaintiff was a covered worker and entitled to benefits. It accepted plaintiff's claim and paid out $24,817 in benefits for his injury. As of February 14, 2000, claimant's workers' compensation claim had yet to be closed.

In early 2000, plaintiff attempted to withdraw his workers' compensation claim with defendant's insurer, which

he believed was a predicate to pursuing a civil claim against defendant. In a letter dated February 14, 2000, the insurer declined to allow plaintiff to withdraw his claim. It later suspended plaintiff's benefits based on his failure to attend a scheduled medical examination. Plaintiff then filed the complaint in this action.

Defendant moved for summary judgment on the grounds of judicial and equitable estoppel, arguing that

"[o]nly employees not covered by the workers' compensation act may bring an action under the Employer's Liability Act. * * *

"* * * * *

"[Plaintiff] made a claim for workers' compensation benefits on the basis that he was a 'worker' within the meaning and intent of the workers' compensation law. [He] received benefits under the law based on this position. [He] cannot now assert that he is not a 'worker' subject to the workers' compensation statutory system."

In response to defendant's motion, plaintiff argued that equitable estoppel applies only when there has been a false representation that is relied on by the defendant, and that he had made no false representations to defendant. Further, plaintiff argued, judicial estoppel could not bar plaintiff's claims in this case because there was no "final determination of the Workers' Comp claim." The trial court rejected plaintiff's arguments and entered judgment for defendant. On appeal, plaintiff reiterates the arguments that he made to the trial court. Because we uphold the trial court's summary judgment on the basis of equitable estoppel we do not address the issue regarding judicial estoppel.

With reference to equitable estoppel, plaintiff argues on appeal that he never made a false representation to defendant. He explains that "[p]laintiff, [d]efendant and [defendant's insurer] were aware of the same facts as to how and where [p]laintiff was injured." For equitable estoppel to apply, there must be (1) a false representation, (2) made with knowledge of the facts, (3) with the intent that the other party rely, (4) when the other party was ignorant of the truth, and (5) the other party must have been induced to rely upon

the representation to his detriment. *Coos County v. State of Oregon*, 303 Or 173, 180-81, 734 P2d 1348 (1987). Equitable estoppel has also been recognized as applicable "where an individual accepts the benefits of a particular transaction or state of affairs." *Hess v. Seeger*, 55 Or App 746, 762, 641 P2d 23, *rev den*, 293 Or 103 (1982). For an estoppel based on the acceptance of benefits,

> "it is essential that the party against whom estoppel is invoked should have acted with knowledge of his rights, and that the party claiming estoppel was without knowledge or means of knowledge of the facts on which he bases his claim of estoppel, that he was influenced by and relied on the conduct of the person sought to be estopped, and that he changed his position in reliance thereon to his injury."

*Id.* (quoting 5 *Thompson on Real Property* § 2525, 552 (1979 Replacement)). Plaintiff's argument that he did not make any false representations to defendant because defendant was aware of the true state of facts requires us to examine this case in the context of an alleged estoppel *in pais* based on the acceptance of benefits.[2]

▮▮▮ To begin with, an equitable estoppel does not require a *fraudulent* misrepresentation. *Hess*, 55 Or App at 761-62. In *Bramwell v. Rowland,* 123 Or 33, 44-45, 261 P 57 (1927), the court explained the difference between fraud and estoppel:

> "In fraud, the representation is the foundation of the cause of action or of the defense; reliance upon it has inflicted an injury for which the party seeks redress or recission. In estoppel, the representation, whether expressed directly in words or *transmitted by any of infinite methods by which a thought may be communicated from one to another, has made known the party's position in regard to a material fact*; from this position, he would like to retreat, but the representee desires to hold to that position. The injury has not yet been inflicted but the party invoking the estoppel says that, unless the representor is prevented from shifting his attitude, an injury will occur to the representee. * * *

---

[2] Estoppel due to the acceptance of benefits is another basis for the application of estoppel *in pais* (by conduct); thus, it is merely a subset of ordinary equitable estoppel. *See* 5 *Thompson on Real Property* § 2525, 548 (1979 Replacement).

"\* \* \* \* \*

"In determining who can invoke the doctrine of estoppel and the circumstances under which it comes into operation, the law of estoppel seizes upon elements which are quite similar to those of fraud but stops short of embracing all of the elements of fraud."

(Emphasis added.) Consequently, there need not have been an intent to defraud by the party making the representation for an estoppel to exist. It is enough that the person to be estopped has "created a belief of the existence of a state of facts which it would be unconscionable to deny." *Hess*, 55 Or App at 762 (quoting 5 *Thompson on Real Property* § 2524, 536, 541 (1979 Replacement)).

■ Second, the "misrepresentation" made by the party to be estopped "must be one of existing material fact, and not of intention, nor may it be a conclusion from facts or a conclusion of law." *Coos County*, 303 Or at 181. In *Dechenbach v. Rima*, 45 Or 500, 504-05, 77 P 391, 78 P 666 (1904), the court explained:

"Estoppel *in pais* arises from misrepresentation or concealment of a material fact, and rests on the ground that it would be a fraud in a party to assert what his previous conduct has denied when others have acted on the faith of that denial. Such an estoppel can rarely arise unless it has reference to a present or past state of things, or relates to an abandonment of an existing right; and it has no application to mere breach of a promise or covenant relating to the future: 2 Bigelow, Estoppel (5 ed.), p.574, 2 Herman Estoppel, §730; 11 Am. & Eng. Enc. Law (2 ed.), 424, 425. 'If the representation,' says Mr. Justice Field, 'relate to something to be afterwards brought into existence, it will amount only to a declaration of intention or of opinion, liable to modification or abandonment upon a change of circumstances of which neither party can have any certain knowledge. *The only case in which a representation as to the future can be held to operate as an estoppel is whether it relates to an intended abandonment of an existing right,* and is made to influence others, and by which they have been induced to act.' "

(Quoting *Insurance Co. v. Mowry*, 96 US 544, 547, 24 L Ed 674 (1877)) (emphasis added).

The "representation" in this case does not arise because of the parties' knowledge of the facts of the injury, as plaintiff's argument suggests. Rather, it lies in the conduct that plaintiff undertook in response to his injury. There is no question that plaintiff was aware that he could have either pursued claim to defendant's workers' compensation carrier or other remedies. However, he and defendant entered into an agreement that plaintiff's claim would be filed with defendant's insurance carrier, and he followed through with the agreement by filing the claim and accepting benefits under it. The legal effect of the conduct was to communicate to defendant the material fact of the abandonment of plaintiff's right to pursue a civil claim against defendant. Thus, it is his conduct that constitutes the "representation" in this case.

For equitable estoppel by the acceptance of benefits to apply in this case, it is not necessary that defendant demonstrate that, at the time that plaintiff filed the workers' compensation claim, he did not intend to perform his implicit promise not to file a civil claim against defendant, as would be required to demonstrate promissory fraud. *See Sproul v. Fossi*, 274 Or 749, 752, 548 P2d 970 (1976) (promissory fraud is shown when "evidence shows either an intent not to perform the promise or that the promise is made with a reckless disregard whether the promissor can or cannot perform the promise"). Here, plaintiff was aware that he could treat his injury as occurring either in his capacity as an independent contractor or as defendant's employee after discussing the matter with defendant; he decided to treat the injury as occurring in his capacity as defendant's employee. There is no evidence that defendant knew that plaintiff would change his mind in that regard after plaintiff filed his claim. Consequently, the "misrepresentation made with defendant's ignorance" elements in this case are satisfied. Plaintiff's conduct was intended and operated to influence defendant. His conduct induced it to act accordingly. By invoking the doctrine of equitable estoppel, defendant seeks to prevent the injury that would occur if plaintiff were permitted to change his position. That is the kind of injury arising from a change in

position that the doctrine of estoppel *in pais* is intended to prevent. *Bramwell*, 123 Or at 44-45.

■ The remainder of the elements of estoppel by an acceptance of benefits are also satisfied by the evidence in the summary judgment record. Clearly, defendant relied on plaintiff's representation that he would pursue a remedy for his injuries from defendant's workers' compensation insurance. Its insurer accepted the claim and was processing it right up to the time that plaintiff filed his civil claim. Finally, it would be unconscionable to permit plaintiff to have the benefit of defendant's workers' compensation insurance and to seek civil damages against defendant for his injury. Although, apparently, plaintiff has offered to pay back all the benefits received, that does not ameliorate the injury caused to defendant and its insurer in processing the claim in reliance on plaintiff's representation that he would treat his injury as arising from and within the scope of his employment with defendant.[3] In light of those uncontroverted facts, we conclude that the trial court correctly granted summary judgment.

Affirmed.

---

[3] We note that the Supreme Court said in *Woody v. Waibel*, 276 Or 189, 198-99, 554 P2d 492 (1976), that the "fact that either or both of the parties mistakenly considered their relationship to be that of employer-independent contractor cannot * * * be controlling in applying the definition sections of the Workmen's Compensation Act." However, that rule is not pertinent to this case. The disposition of this case does not rest on the parties' characterization of their employment status. Rather, it turns on plaintiff's representation by conduct of the abandonment of his ng. to pursue a civil claim against defendant. Also, unlike in *Woody*, defendant plc. and proved the uncontroverted facts necessary for an estoppel by conduct.