Argued and submitted January 12, decision of the Court of Appeals reversed;
judgment of the circuit court reversed, and case remanded to the circuit court for
further proceedings March 25, 2004

David R. DAY,
*Petitioner on Review,*

*v.*

ADVANCED M&D SALES, INC.,
an Oregon corporation,
*Respondent on Review.*

(CC 0005-04933; CA A112790; SC S49988)

86 P3d 678

Robert A. Miller, Eugene, argued the cause and filed the brief for petitioner on review.

Lisa Lear, Bullivant Houser Bailey PC, Portland, argued the cause and filed the brief for respondent on review. With her on the brief were David R. Rocker, Ronald J. Clark and Bullivant Houser Bailey PC.

RIGGS, J.

**RIGGS, J.**

This case requires us to decide whether plaintiff is estopped from filing a complaint alleging common-law negligence and violations of the Employer Liability Law, ORS 654.305 to 654.335 (1999), after he applied for and received workers' compensation benefits. On defendant's motion for summary judgment, the trial court concluded that equitable and judicial estoppel prohibited plaintiff from denying that he was a covered worker under defendant's workers' compensation insurance and that the exclusive remedy provision of the Workers' Compensation Law, ORS 656.018, barred plaintiff's claims. Without reaching the issue of judicial estoppel, the Court of Appeals agreed that equitable estoppel applied and affirmed the trial court's decision. *Day v. Advanced M&D Sales, Inc.*, 184 Or App 260, 56 P3d 454 (2002). For the following reasons, we reverse the decision of the Court of Appeals and the judgment of the trial court, and remand the case to the trial court for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

We take the following facts from the Court of Appeals opinion and the record. We review the record in the light most favorable to plaintiff, the nonmoving party below, and we draw all reasonable inferences from the facts in his favor. *Greene v. Legacy Emmanuel Hospital*, 335 Or 115, 118, 60 P3d 535 (2002).

Defendant employed plaintiff in two capacities. First, defendant employed plaintiff as a salesperson and paid him on a commission-only basis. Defendant's workers' compensation policy covered plaintiff when he worked as a salesperson. Defendant also employed plaintiff as a floor installation contractor, paying him on a per-job basis to install floor products that defendant distributed. Plaintiff carried his own workers' compensation insurance for the time when he worked as an installation contractor.

In October 1998, plaintiff attended a seminar that a representative of a flooring products company conducted at defendant's facility. During the seminar, the representative

partially installed a laminated floor in defendant's showroom for demonstration purposes. After the seminar ended, plaintiff and other attendees assisted in the completion of the unfinished floor. While cutting pieces of flooring for the demonstration floor, plaintiff injured his hand.

After plaintiff's injury, plaintiff and defendant's controller, Joe White, discussed the possibility of filing a workers' compensation claim under defendant's workers' compensation policy. The parties do not describe that discussion in detail.[1] Neither party disputes, however, that, on November 2, 1998, a notice of workers' compensation claim—referred to as a Form 801—was completed and sent to defendant's private insurance carrier, Liberty Northwest ("defendant's insurer").

The Form 801 contains two sections, the "worker's" section and the "employer's" section. The worker's section includes information concerning the type of injury, the date and time of the injury, and the treating physician and hospital, but requests no information regarding the worker's employment. The employer's section contains questions regarding, for example, the worker's employment and wages, the date that the worker left work, and the circumstances surrounding the worker's injury. When it filled out that section in this case, defendant described plaintiff's occupation as "Salesperson" and answered "Yes" to the question, "Did injury occur during course of job?"

Approximately a week after the Form 801 was filed, plaintiff completed a "Work/Educational History" form that defendant's insurer sent to him.[2] Under the section entitled

---

[1] White's affidavit states:

"8. Subsequent to Mr. Day's accident, he approached me about the possibility of submitting a workers' compensation claim to Advanced M&D Sales, Inc.'s workers' compensation carrier, Liberty Northwest.

"9. Following discussions with Mr. Day, Mr. Day and I concluded that he was injured within his capacity as a commission only salesperson, and was therefore an employed [sic] of Advanced M&D Sales, Inc. entitled to workers' compensation coverage."

[2] The Court of Appeals stated that the Work/Educational History form "was then attached to the 801 form." *Day*, 184 Or App at 263. The record indicates, however, that the Form 801 was completed and sent to defendant's insurer about one week before November 9, 1998, when plaintiff completed the Work/Educational History form.

"Employment at the Time of Your Injury," plaintiff stated that his employer was Advanced M&D Sales; his job title was "Salesman"; and the specific duty that he performed was "selling."

Following an investigation, defendant's insurer determined that plaintiff was a covered worker and entitled to benefits. Defendant's insurer accepted plaintiff's claim and, over the course of the next year, paid out $24,817 in benefits for his injury.

In December 1999, plaintiff's attorney informed defendant's insurer by letter that:

"It is our belief that [plaintiff] was not an employee of Advanced M&D Sales at the time of the injury and that he should not have a workers' compensation claim, despite the previous correspondence to you from his previous attorney. * * * Our claim is not a third party claim under the statute but we do acknowledge that Liberty Northwest has paid certain benefits to Mr. Day for which [it] should be reimbursed out of any settlement or judgment."

In February 2000, defendant's insurer replied that it was unaware of any authority allowing plaintiff to withdraw a claim after the insurer accepted it, and indicated that it would continue to process the claim. The insurer also requested suspension of plaintiff's benefits based on plaintiff's failure to attend a scheduled medical examination.

The record does not include a notice of acceptance, a notice of closure, or any further information regarding activity on plaintiff's claim. In addition, the record does not include any correspondence or order from, or information concerning any action by, the Workers' Compensation Division of the Department of Consumer and Business Services regarding plaintiff's claim.

In May 2000, plaintiff filed a complaint alleging that defendant's negligence and failure to comply with the Employer Liability Law caused his injury. Defendant moved

for summary judgment, arguing that the doctrines of equitable and judicial estoppel precluded plaintiff from claiming that he was not a "worker" subject to the workers' compensation system. As a result, defendant argued that the exclusive remedy provision of the Workers' Compensation Law barred plaintiff's claims for his work-related injuries. The trial court granted defendant's motion.

Plaintiff appealed, and the Court of Appeals affirmed on the ground that equitable estoppel barred plaintiff's claim. The court explained that equitable estoppel requires, in part, a false representation of existing material fact upon which the other party relies. *Day*, 184 Or App at 264-66 (citing *Coos County v. State of Oregon*, 303 Or 173, 180-81, 734 P2d 1348 (1987)). Here, the court emphasized plaintiff's conduct in response to his injury. The court noted that plaintiff had discussed the matter with defendant and that plaintiff decided to file a claim following that discussion. In the court's view, plaintiff's decision to treat himself as an employee of defendant and his subsequent acceptance of workers' compensation benefits represented an implicit promise to abandon his right to pursue a civil claim against defendant. The court determined that plaintiff's present change of mind satisfied the "misrepresentation" element of equitable estoppel. After finding that the other elements of equitable estoppel also were satisfied, the court concluded that the trial court properly had precluded plaintiff from arguing in his civil action against defendant that he was not a worker subject to the provisions of the Workers' Compensation Law.

## DISCUSSION

The Workers' Compensation Law guarantees compensation to subject workers for certain injuries that arise out of, and in the course of, their employment, regardless of any fault or negligence on the part of the employer. *Martelli v. R.A. Chambers and Associates*, 310 Or 529, 533, 800 P2d 766 (1990). In exchange for that coverage, the Workers' Compensation Law limits the extent of complying employers' liability and restricts the rights of subject workers to seek other remedies for workplace injuries. To that end, ORS 656.018 provides:

"(1)(a)   The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such conditions or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such conditions, except as specifically provided otherwise in this chapter.

"* * * * *

"(2)   The rights given to a subject worker and the beneficiaries of the subject worker under this chapter for injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment are in lieu of any remedies they might otherwise have for such injuries, diseases, symptom complexes or similar conditions against the worker's employer under ORS 654.305 to 654.336 or other laws, common law or statute, except to the extent the worker is expressly given the right under this chapter to bring suit against the employer of the worker for an injury, disease, symptom complex or similar condition."

ORS 656.018 applies if the injured person is a "subject worker" at the time of the injury. *See* ORS 656.005(28) (defining "subject worker"); ORS 656.005(30) (defining "worker"). If the injured person is not a "subject worker" or "worker" within those definitions, then ORS 656.018 does not bar that person from filing an action seeking other remedies for the injury against the alleged tortfeasor. *See S-W Floor Cover Shop v. Nat'l Council on Comp. Ins.*, 318 Or 614, 623, 872 P2d 1 (1994) (stating that first determination is whether one is "worker" under ORS 656.005(28)); *Bell v. Hartman*, 289 Or 447, 452, 615 P2d 314 (1980) ("The key term in the statutory scheme is 'subject worker.' An employer is bound to assure payment of compensation only for 'subject workers[.]' ").

■      Although plaintiff cannot prevail if he is a worker subject to a workers' compensation remedy, in its present posture, this case does not require us to determine whether plaintiff was a "worker" or "subject worker" at the time of his

injury. The trial court did not decide that question; the parties did not address it below or in the briefs to this court; and we express no opinion on that issue.[3] We face a different question: whether, under the circumstances of this case, plaintiff's conduct in filing a workers' compensation claim with his employer and his acceptance of workers' compensation benefits from defendant's insurer estops him from alleging in the present action that he was not a worker subject to the Workers' Compensation Law at the time of his injury.

As to that question, the parties first address equitable estoppel. Plaintiff contends that the Court of Appeals erred by relying on equitable estoppel to preclude him from asserting that he was not defendant's employee at the time of his injury. He argues that he made no false representation of material fact either directly to defendant or in the forms filed with defendant's insurer. Rather, plaintiff argues, the filing of the workers' compensation claim was based on a mutual, and erroneous, conclusion of law from facts that were known to both parties.

Defendant adopts the Court of Appeals' analysis of equitable estoppel. Defendant asserts that, with knowledge that he was covered by defendant's workers' compensation coverage only if he was injured in his capacity as a salesperson, plaintiff represented that he was injured in that capacity by filing a workers' compensation claim. Defendant contends that it relied on that representation and would be harmed by plaintiff's present attempt to withdraw his claim.

Under the doctrine of equitable estoppel, "a person may be precluded by his act or conduct, or silence when it was his duty to speak, from asserting a right which he otherwise would have had." *Marshall v. Wilson*, 175 Or 506, 518, 154 P2d 547 (1944). Equitable estoppel has five elements:

" 'To constitute estoppel by conduct there must (1) be a false representation; (2) it must be made with knowledge of

---

[3] In addition, at this stage of the proceedings, plaintiff does not argue that any statutory exception to the limitation on a subject worker's right to seek other remedies applies. *See* ORS 656.154 (allowing injured worker to elect to seek remedy against third person, not in same employ, whose negligence or wrong caused injury); ORS 656.156 (allowing worker to pursue action against employer if worker's injury or death results from deliberate intention of employer).

the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; (5) the other party must have been induced to act upon it[.]' "

*Coos County*, 303 Or at 180-81 (quoting *Oregon v. Portland Gen. Elec. Co.*, 52 Or 502, 528, 95 P 722 (1908)); *accord Bennett v. City of Salem et al.*, 192 Or 531, 541, 235 P2d 772 (1951). For equitable estoppel to apply, the false representation "must be one of existing material fact, and not of intention, nor may it be a conclusion from facts or a conclusion of law." *Welch v. Washington County*, 314 Or 707, 716, 842 P2d 793 (1992) (internal quotations omitted).

Reading the record in the light most favorable to plaintiff, as we do when reviewing a summary judgment in favor of defendant, defendant's argument founders at the first *Coos County* element. As we explain below, considered separately or together, plaintiff's conduct and statements do not amount to a misrepresentation of material fact sufficient to invoke equitable estoppel.

As an initial matter, defendant does not allege that plaintiff misrepresented when the injury occurred, what he was doing when he was injured, or how he came to be working on the demonstration floor at the time of his injury. Moreover, we disagree with defendant's view of plaintiff's conduct leading up to the filing of his claim. Defendant appears to argue that plaintiff made a misrepresentation of fact during his discussion with White, after which he completed the Form 801. As previously noted, however, defendant does not detail how plaintiff and White reached the conclusion that plaintiff was entitled to file a workers' compensation claim under defendant's insurance policy, and the record, which on this point consists solely of two paragraphs from White's affidavit, does not indicate that plaintiff made any misrepresentation regarding his employment status during the course of that discussion. In particular, defendant does not identify evidence in the record demonstrating that plaintiff was aware of, or intended to abandon, his right to file a complaint seeking other remedies for his injury, or that, by approaching and discussing the matter with White, plaintiff entered into an agreement to abandon his civil claim. In this procedural

posture, we will not infer from White's affidavit that plaintiff made any particular misrepresentation of material fact concerning his employment status or other facts bearing on his right to pursue other remedies.

■      We turn to plaintiff's decision to complete the Form 801. Although defendant argues that the decision to file a claim amounts to a misrepresentation of fact, the completion of that form at most represented plaintiff's assertion that he was legally entitled to workers' compensation benefits. That assertion was not one of fact; rather, it was a conclusion of law based on a factual context. *Rubalcaba v. Nagaki Farms, Inc.*, 333 Or 614, 619, 43 P3d 1106 (2002) (determination of claimant's status as "worker" is conclusion of law, not finding of fact). That type of representation may not serve as the basis for equitable estoppel. *Coos County*, 303 Or at 181; *see also Welch*, 314 Or at 717 (refusing to apply equitable estoppel when statements by county tax official were, at most, "a conclusion from facts or a conclusion of law"); *Bennett*, 192 Or at 541 (declining to apply estoppel when statements were "mere expressions of opinion").

*Johnson v. Dave's Auto Center*, 257 Or 34, 476 P2d 190 (1970), demonstrates that principle as it applies to the filing of a workers' compensation claim. In *Johnson*, an injured worker filed a workers' compensation claim for injuries resulting from a car accident involving a coemployee and a truck that his employer owned. The injured worker also filed an action against both the coemployee and his employer, alleging that he was injured as a result of the coemployee's negligence. In the workers' compensation proceeding, the employer stated that the worker was not an employee, and the Workers' Compensation Board denied the claim. Before the administrative review ended, the worker and the State Compensation Department settled the claim for medical costs and attorney fees "without any admission of liability by either party as to the status of employment or nonemployment." *Id.* at 37 (internal quotations omitted). Then, in their answers to the worker's complaint, both the coemployee and the employer argued that the worker's pursuit of workers' compensation benefits and settlement of his claim estopped him from filing a civil action against them.

This court reversed the trial court's judgment in favor of both defendants. In doing so, the court first addressed the effect of the filing of a workers' compensation claim in light of the worker's uncertain employment status:

> "From all that appears from the record in this case, plaintiff may have been mistaken, in good faith, as to the ultimate question of law or fact whether or not he was an employee, based upon all of the evidentiary facts. Thus, based upon this record, we hold that the *filing* by plaintiff of his claim with the Workmen's Compensation Board for compensation which would be payable only if he was an employee, did not, of itself, bar plaintiff by the doctrine of election of remedies or estoppel from later filing his complaint in this case."

*Id.* at 41 (emphasis in original).

Under *Johnson*, a worker may file a workers' compensation claim, in the good faith belief that he is an employee, without being estopped from later filing a complaint claiming negligence on the part of his alleged employer. Similarly, in this case, the decision to file a workers' compensation claim necessarily reflected plaintiff's belief that he was an employee at the time of his injury, but that decision was not a misrepresentation of material fact that estops him from taking a contrary position in a later civil complaint.

Plaintiff's statements in the claim forms and his later acceptance of benefits do not alter our conclusion. Plaintiff made no representation on the Form 801 regarding his employment status, and plaintiff's statements in the Work/Educational History form responded to general queries about plaintiff's "job title" and the specific duties performed in his job. Those answers—on a form that sought information to aid the determination of benefits and eligibility for vocational assistance—were not misrepresentations of material fact regarding plaintiff's employment status at the moment of his injury. In addition, plaintiff's receipt of benefits did not amount to a misrepresentation of fact. As with the initial filing of the claim, the acceptance of benefits merely reflected plaintiff's conclusion from the available facts that his employment status entitled him to benefits.

Indeed, this court previously has rejected an attempt to manufacture a misrepresentation of fact from the receipt of benefits in similar circumstances. In *Frasure v. Agripac*, 290 Or 99, 619 P2d 274 (1980), the claimant sustained a back injury while working for Agripac, and he filed an aggravation claim with his first employer, Permaneer, and Permaneer's insurance carrier. After the claimant had received time-loss and medical benefits under that claim, the claimant's doctors reversed their earlier opinion and concluded that the claimant had suffered a new injury and not an aggravation. The claimant promptly filed a new claim against Agripac. On review from the Workers' Compensation Board, the Court of Appeals held that, by voluntarily accepting and processing the aggravation claim and by voluntarily accepting benefits pursuant to that claim, Permaneer, its insurance carrier, and the claimant each were estopped from taking contrary positions and were "bound by the consequences of their respective actions." *Id.* at 103 (internal quotations omitted).[4]

This court reversed, stating that "[t]here is no estoppel in this case." *Id.* at 105. Although Permaneer and its insurance carrier had accepted the claim and had paid benefits to the claimant for approximately 17 months, the court in *Frasure* rejected the notion that the employer and its insurance carrier's conduct in processing and accepting the claim were the type of representations normally associated with equitable estoppel. *Id.* at 107 ("[N]either Agripac nor Chubb Pacific are 'guilty' of making the type of representations normally associated with estoppel. They made (1) no false representations (2) with knowledge of the facts (3) with the intention that the other party rely upon it."). Here, *Frasure* is inconsistent with defendant's view that, by applying for and accepting workers' compensation benefits, plaintiff misrepresented a material fact. Given the present state of this record and this court's previous case law, we conclude that equitable estoppel does not bar plaintiff from alleging in his complaint that he was not defendant's employee at the time of his injury.

---

[4] Although the court did not specify the type of estoppel on which it relied, the referee declined to apply equitable estoppel, and the board adopted the referee's finding. *Id.* at 104 n 4.

■      The Court of Appeals and the parties also discuss estoppel by acceptance of benefits (more commonly known as quasi-estoppel).[5] By invoking that doctrine, defendant relies on plaintiff's decision to file a workers' compensation claim *and* to accept workers' compensation benefits—which defendant's insurer voluntarily paid—before filing the present action. Echoing its arguments with respect to equitable estoppel, defendant contends that plaintiff is bound by his decision to accept the benefits of the Workers' Compensation Law and is precluded from pursuing other remedies. Plaintiff responds that he is not estopped from asserting the present claim in light of his mistaken conclusion regarding his employment status.

Assuming, without deciding, that quasi-estoppel is available to a litigant in Oregon, we decline to apply it in the present case, because the workers' compensation statutory scheme counsels against giving the acceptance of workers' compensation benefits an estoppel effect. The Workers' Compensation Law encourages the swift and voluntary payment of workers' compensation benefits. ORS 656.262(4)(a) requires the first installment of temporary disability compensation to be paid no later than the fourteenth day after the subject employer has notice or knowledge of the claim. That requirement need not be triggered at the request of the worker, as ORS 656.005(6) defines "claim" as "a written request for compensation from a subject worker or someone on the worker's behalf, *or any compensable injury of which a subject employer has notice or knowledge.*" (Emphasis added.) In addition, ORS 656.262(10) allows employers to provide compensation and then to challenge their liability for the injury. Similarly, that section also states that a worker's "mere acceptance of such compensation [shall not] be considered a waiver of the right to question the amount thereof." *Id.*

---

[5] The Court of Appeals discussed plaintiff's acceptance of benefits under the general heading of equitable estoppel. *Day*, 184 Or App at 265 (stating that court was examining case "in the context of an alleged estoppel *in pais* based on the acceptance of benefits"); *id.* at 267-68 (summarizing court's conclusion in light of *Coos County* factors). The Court of Appeals, however, also cited an earlier case from that court that referred to "estoppel by acceptance of benefits," which is a distinct doctrine. *Id.* at 265 (citing *Hess v. Seeger*, 55 Or App 746, 762, 641 P2d 23 (1982)). In their briefs in this court, the parties addressed estoppel by acceptance of benefits separately from equitable estoppel.

Also, even after the insurer provides written acceptance or denial of a claim, the insurer may revoke the claim acceptance and deny the claim "if such revocation of acceptance and denial is issued no later than two years after the date of initial acceptance." ORS 656.262(6)(a).

By establishing a rapid "pay now, litigate later" approach, the Workers' Compensation Law encourages the voluntary payment and acceptance of benefits, and allows for the possibility that new information later will affect a party's view regarding the compensability of the claim. By contrast, applying estoppel upon a worker's acceptance of benefits would preclude any opportunity to contest coverage thereafter, even if the payment of benefits by private insurance carriers and nonsubject employers later turned out to be erroneous. Given the statutory background, we decline to estop plaintiff from filing the present action on the ground that he accepted workers' compensation benefits from defendant's private insurer. *See Stovall v. Sally Salmon Seafood*, 306 Or 25, 757 P2d 410 (1988) (refusing to apply equitable estoppel to workers' compensation claim in part due to the statutory background involved); *Frasure*, 290 Or at 106-07 (refusing, in light of the policy and purpose of the Workers' Compensation Law, to estop employer or insurer from denying aggravation claim after employer previously accepted claim).

Finally, we address whether judicial estoppel applies. Parties invoke judicial estoppel "under certain circumstances to preclude a party from assuming a position in a judicial proceeding that is inconsistent with the position that the same party has successfully asserted in a different judicial proceeding." *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 609, 892 P2d 683 (1995). Judicial estoppel is "primarily concerned with the integrity of the *judicial* process and not with the relationship of the parties[.]" *Hampton Tree Farms*, 320 Or at 612 (emphasis added).

The focus of that doctrine on acceptance of an earlier position and harm to the judicial system defeats defendant's effort to invoke judicial estoppel here. As noted previously, the record is devoid of any indication that an administrative or judicial tribunal made a final determination regarding

plaintiff's status as a subject worker at the time of his injury.[6] Therefore, in the present posture, plaintiff's attempt to take a contrary position in his complaint does not implicate the type of harm to the judicial system for which judicial estoppel is designed. *See Hampton Tree Farms*, 320 Or at 609-10 (describing applications of judicial estoppel to prevent litigants from playing "fast and loose with the courts," or to preclude parties from taking inconsistent positions when they benefitted from successful assertion of previously taken position).

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[6] Workers' compensation cases that defendant cites from other jurisdictions each involved a favorable decision by a previous tribunal or, at a minimum, approval of a settlement by a previous tribunal. *See Dush v. Appleton Elec. Co.*, 124 F3d 957 (8th Cir 1997) (after adversarial hearing, state workers' compensation court determined temporary total disability and awarded plaintiff benefits); *Risetto v. Plumbers and Steamfitters Local 343*, 94 F3d 597 (9th Cir 1996) (state workers' compensation appeals board approved parties' settlement of workers' compensation claim); *Niles-Robinson v. Brigham & Women's Hosp.*, 47 Mass App Ct 203, 711 NE2d 940 (1999) (state Department of Industrial Accidents found plaintiff disabled); *Drain v. Betz Laboratories, Inc.*, 69 Cal App 4th 950, 81 Cal Rptr 2d 864 (1999) (workers' compensation referee approved parties' compromise and settlement); *Jackson v. County of Los Angeles*, 60 Cal App 4th 171, 70 Cal Rptr 2d 96 (1997) (workers' compensation judge issued award based on parties' stipulations).