**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM A. WHITE, | No. 19-35220 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02150-MC |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted September 18, 2019**

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Federal prisoner William A. White appeals pro se from the district court's

judgment dismissing his action alleging federal and state law claims, including

claims brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971).  We have jurisdiction under 28 U.S.C. § 1291.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (dismissal under the applicable statute of limitations); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed White's action because, even if a *Bivens* remedy is available for his constitutional claims, White's claims are untimely, and White failed to allege facts sufficient to establish tolling or equitable estoppel. *See Jones*, 393 F.3d at 927 (court applies the statute of limitations for personal injury actions and forum state's law regarding tolling except to the extent inconsistent with federal law); *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (*Bivens* claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action); *see also Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (application of equitable estoppel requires active conduct by a defendant to prevent plaintiff from suing in time, above and beyond the alleged wrongdoing underlying the claim); *Day v. Advanced M & D Sales, Inc.*, 86 P.3d 678, 682 (Or. 2004) (en banc) (elements of equitable estoppel under Oregon law).

The district court did not abuse its discretion by dismissing White's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave

2                                                                          19-35220

to amend is proper when amendment would be futile).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**