NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ATHEY CREEK CHRISTIAN
FELLOWSHIP,

        Plaintiff - Appellant,

v.

COUNTY OF CLACKAMAS,

        Defendant - Appellee.

No. 24-5104

D.C. No.
3:22-cv-01717-YY

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding

Argued and Submitted October 23, 2025
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Athey Creek Christian Fellowship appeals a summary judgment in favor of the County of Clackamas. We have jurisdiction under 28 U.S.C. § 1291 and reviewing de novo, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), we affirm.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.      The statute of limitations for Athey Creek's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims is four years. 28 U.S.C. § 1658(a). The statute of limitations for its 42 U.S.C. § 1983 claims is two years. Or. Rev. Stat. § 12.110 (1987) (statute of limitations for personal injury claims); *see Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (applying state statute of limitations for personal injury claims to § 1983 claims).

A claim accrues when the plaintiff "knows or has reason to know of the actual injury." *Thomas v. County of Humboldt*, 124 F.4th 1179, 1191 (9th Cir. 2024) (cleaned up). Athey Creek's RLUIPA and § 1983 claims accrued in 2006 when it learned of Condition 29 in the Conditional Use Permit ("CUP") issued by Clackamas County and the allegedly disparate treatment afforded government recreational uses in the relevant County Ordinance. Because Athey Creek's complaint was not filed until 2022, all claims raised are facially time-barred.[1] The County's statement in 2022 that Athey Creek's CUP had expired as to Phase 2 construction was not a new injury, but at most a "continuing impact" of the asserted "past violation." *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 748 (9th Cir. 2019) (per curiam) (cleaned up).[2]

---

[1]      The parties do not identify the statute of limitations applicable to Athey Creek's claims under the Oregon Constitution. Athey Creek, however, does not argue that the state law claim was timely if it accrued in 2006.

[2]      The County did not forfeit its right to assert the statute of limitations defense by failing to raise the issue until summary judgment briefing. The defense "would have been dispositive if asserted when the action was filed," and Athey Creek

2                                                                              24-5104

2.     Any claim based on the requirement that Athey Creek file a new application to undertake Phase 2 construction is not ripe because Athey Creek has not submitted a new application. RLUIPA claims become ripe when the government adopts a "final definitive position" "regarding whether the Church will or will not be granted a permit to use the property as it wishes moving forward." *See Guatay Christian Fellowship*, 670 F.3d at 981. This generally results "from a completed . . . application." *Id.* Moreover, absent a completed application, it is unclear "what the Church will actually have to pay or do to comply with the County's process and secure a permit." *Id.* at 982. The Ordinance has now been amended to remove the CUP requirement for places of worship, and the County suggests that it is willing to remove any substantial burden associated with the approval process once an application is submitted. *See* 42 U.S.C. § 2000cc-3(e) ("A government may avoid the preemptive force" of RLUIPA by "providing exemptions from the policy or practice for applications that substantially burden religious exercise.").

3.     The district court did not err in rejecting Athey Creek's contention that the County was equitably estopped from asserting the 2006 CUP had expired. There is no evidence that Athey Creek relied on any "false representation" by the County. *Day v. Advanced M & D Sales, Inc.*, 86 P.3d 678, 682 (Or. 2004). Neither the 2006

---

presents no "tangible way in which it was prejudiced by the delay." *Garcia v. Salvation Army*, 918 F.3d 997, 1008-09 (9th Cir. 2019) (cleaned up).

statement that "[p]hasing would be fine" nor the 2013 statement that an addition of a basement to the already-constructed facility was "substantially consistent with the original conditional use permit" was inconsistent with the terms of Condition 29 or the County's conclusion that the CUP had expired as to Phase 2. *See Miller v. State ex rel. Or. Racing Comm'n*, 445 P.3d 371, 382 (Or. Ct. App. 2019) (finding no "false representation" where two stated positions were not inconsistent). Indeed, in 2013, the County reiterated that the "final design of the project is subject to all the conditions of approval in the original conditional use permit."

**AFFIRMED.**[3]

---

[3] Athey Creek's motion to supplement the record, **Dkt. 40**, is **DENIED**.

24-5104